# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
September 15, 2022

Lyle W. Cayce
Clerk

No. 20-11177
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

JUAN CARLOS LOPEZ-GUZMAN,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:20-CR-4-1

Before STEWART, DUNCAN, and WILSON, *Circuit Judges*.

PER CURIAM:*

Juan Carlos Lopez-Guzman appeals the above-guidelines sentence imposed following his guilty plea for illegal reentry. He argues that his 45-month sentence, imposed as an upward variance after he was assigned a guidelines imprisonment range of 21 to 27 months, is procedurally

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

unreasonable because the district court failed to adequately explain the sentence. Lopez-Guzman further argues that his sentence is substantively unreasonable because the district court gave too much weight to his criminal history, which was already accounted for as part of his criminal history score, and because the district court failed to consider the need to avoid unwarranted sentence disparities between similarly situated defendants. Lopez-Guzman has also filed a motion for judicial notice.

Because Lopez-Guzman did not object to the procedural reasonableness of his sentence in the district court, review is for plain error. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir. 2009). The district court is required to state in open court the reason for imposing an above-guidelines sentence, and that reason "should be fact-specific and consistent with the sentencing factors enumerated in [18 U.S.C. § 3553(a)]." *United States v. Smith*, 440 F.3d 704, 707 (5th Cir. 2006); *see also United States v. Key*, 599 F.3d 469, 474 (5th Cir. 2010). Contrary to Lopez-Guzman's assertions, the record reflects that the district court did give fact-specific reasons for the sentence, emphasizing Lopez-Guzman's criminal history. Accordingly, the district court did not commit plain error. *See Puckett v. United States*, 556 U.S. 129, 135 (2009).

We review Lopez-Guzman's preserved challenge to the substantive reasonableness of his sentence for abuse of discretion. *See United States v. Vargas*, 21 F.4th 332, 334 (5th Cir. 2021). In reviewing a non-guidelines sentence for substantive reasonableness, we consider "the totality of the circumstances, including the extent of any variance from the Guidelines range." *United States v. Brantley*, 537 F.3d 347, 349 (5th Cir. 2008) (internal quotation marks and citation omitted). A sentence is unreasonable if it "(1) does not account for a factor that should have received significant weight, (2) gives significant weight to an irrelevant or improper factor, or (3) represents a clear error of judgment in balancing the sentencing factors."

*Smith*, 440 F.3d at 708. We "must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." *Gall v. United States*, 552 U.S. 38, 51 (2007).

A district court has the discretion to determine that the guidelines range gives too much or too little weight to one or more factors and may conclude that a within-guidelines sentence would be insufficient to serve the objectives of sentencing. *See United States v. Williams*, 517 F.3d 801, 809-11 (5th Cir. 2008). Here, the record reflects that the district court considered the § 3553(a) factors and determined that, due to Lopez-Guzman's five prior removals, an above-guidelines sentence was necessary to promote respect for the law. *See* § 3553(a)(2)(A).

Furthermore, the record reflects that the district court did account for "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." § 3553(a)(6). The district court expressly stated that Lopez-Guzman's history of repeated illegal reentries was one of the highest it had seen and so warranted the sentence imposed. Accordingly, considering the totality of the circumstances, the district court did not abuse its discretion by imposing an above-guidelines sentence. *See Brantley*, 537 F.3d at 349.

The judgment of the district court is AFFIRMED. Regarding Lopez-Guzman's motion for judicial notice, the request that we take judicial notice of the materials published by the United States Sentencing Commission is GRANTED, while the request to take judicial notice of the satellite photo of the Otay Mesa Port of Entry is DENIED.